John HAAS, Plaintiff—Appellant,

v.

TUCSON, CITY OF, a municipal corporation, Incorporated in the State of Arizona; Luis Gutierrez, Former City Manager; Kay Gray, Finance Director; Robert Leko, Audit administrator; Jane Prior, Finance Supervisor, Defendants—Appellees.

No. 02–16924.

D.C. No. CV–01–00344–BPV.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 22, 2003.

Mark C. Bockel, Tucson, AZ, for Plaintiff–Appellant.

Merle Joy Turchik, Office of the Tucson City Attorney, Tucson, AZ, for Defendant–Appellee.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

■ The district court properly granted summary judgment to the City of Tucson on Haas's due process claim. The Civil Service Commission ("CSC") is a separate legal entity which was not named in the suit, and Haas has presented no proof that the CSC acts as an agent of the City when it conducts civil termination hearings. *See Salt River Valley Water Users' Assoc. v. Giglio,* 113 Ariz. 190, 549 P.2d 162, 167 (1976) (in banc) ("A party asserting an agency relationship has the burden of proving it.").[1]

The district court also properly granted summary judgment with respect to Haas's First Amendment retaliation claim. A claimant must show that his conduct is protected and that it was a substantial or motivating factor in the defendant's decision. *Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 334 (9th Cir.1995) (citing *Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). In considering whether particular speech is constitutionally protected, we balance the "interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the [City], as an employer, in promoting the efficiency of the public services that it performs through its employees." *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

■ The majority of Haas's speech, including Haas's internal complaint in 1996, three email exchanges with his supervisor in 1997, and statements made to his supervisor during an internal meeting in December 1999, did not involve matters of public concern. *See Weeks v. Bayer,* 246 F.3d 1231, 1235 (9th Cir.2001) (First Amendment does not protect individual personnel disputes and everyday workplace grievances). Even if we assume that Haas's four wrongful conduct complaints filed in 1996 and his letters sent to the Mayor, Vice–Mayor and City Manager in December 1997 did involve matters of public concern, Haas has not raised a genuine issue of material fact that this speech was a substantial or motivating factor in his discharge more than two years later, *see*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We also note that Haas could have appealed the decision of the CSC in state court, but did not do so.

*Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (adverse action taken 20 months later does not suggest causation), and, in any event, the City has presented uncontradicted evidence that it would have reached the same decision in the absence of the protected conduct. *See Mt. Healthy,* 429 U.S. at 287.

Finally, the district court correctly concluded that Haas has not alleged sufficient facts as a matter of law to show that defendants Prior and Gutierrez participated in the alleged constitutional deprivations.

AFFIRMED.